IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DENISE SUBRAMANIAM**,

    Plaintiff,

v.

**DANIEL ANDREW BEAL**,

    Defendant.

Case No. 3:14-cv-01482-SI

**OPINION AND ORDER**

Denise Subramaniam, 13865 S.W. Walker Road, Beaverton, OR 97005. Plaintiff *pro se*.

**Michael H. Simon, District Judge.**

    Plaintiff Denise Subramaniam ("Subramaniam") filed *pro se* claims against Defendant, Daniel Andrew Beal. Dkt. 2. Service of process has not yet occurred. Subramaniam filed an application with the court to proceed *in forma pauperis*. Dkt. 1. The Court grants Subramaniam's application, but finds that even under the liberal pleading standards afforded a *pro se* plaintiff, Subramaniam fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, this case is dismissed with prejudice and without leave to amend.

## STANDARDS

    A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the Court determines that the action is "frivolous or malicious" or the

PAGE 1 – OPINION AND ORDER

complaint "fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing an earlier version of the statute); *Jackson v. State of Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640. The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Furthermore, the underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Baca*, 652 F.3d at 1216 (emphasis added). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

*Pro se* plaintiffs—many of whom file *in forma pauperis*—do receive some special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). But even a *pro se* plaintiff, particularly one filing *in forma pauperis*, must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), or "claims describing fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 325.

## DISCUSSION

Plaintiff makes four claims, none of which has a sufficient basis in law and in fact plausibly to suggest an entitlement to relief.

**A.   First Claim: Driver Privacy Protection Act**

Plaintiff's first claim is purportedly under the Driver Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.* The DPPA is primarily addressed to State departments of motor vehicles ("DMVs") and their agents. *See* § 2721(a)(1) (imposing certain prohibitions on what a "State department of motor vehicles, and any officer, employee, or contractor thereof" may do with driver records). The DPPA does, however, also to extend liability to "any person" who knowingly obtains DMV records for uses not specifically permitted. *See* §§ 2722(a), 2724(a).

According to Plaintiff's Complaint, on June 17, 2014, Plaintiff complained to the Illinois Attorney Registration & Disciplinary Commission ("ARDC") of "criminally fraudulent activities" by Defendant's employee, Charles King. On July 30, 2014, Plaintiff allowed Jo Ann and Samuel Breitling, friends of Plaintiff's, to attach that letter to a filing in foreclosure

PAGE 3 – OPINION AND ORDER

proceedings with a corporation owned by Defendant. Plaintiff believes that at that time, her letter "came to the direct attention of the Defendant."

Later that same day, Plaintiff noticed a black Lincoln automobile parked at the end of her driveway. Plaintiff's newly acquired Jeep Grand Cherokee, which still bore the seller's license plates,[1] was parked in the driveway where the driver of the Lincoln could see it. Plaintiff became suspicious and began taking photographs, at which point the Lincoln "sped away." Two days later, Plaintiff received a phone call from the seller of the Jeep; apparently, an insurance company had called, asking if the Jeep had been in an accident. Plaintiff took down the purported insurance company's phone number and began investigating.

Plaintiff discovered, first, that the phone number was associated with an address in Garland, Texas, which "is a small town near Plano Texas where [Defendant] Beal is located." Also associated with that number were the names of Virginia Castaneda and Michael and Debra Dyer; and upon calling the number, a woman answered the phone as "Dyer Investigations." Plaintiff then searched Google for "'Castaneda' and 'Beal'" and found that one *Rafael* Castaneda worked for Beal Service Corporation, which is located in Plano, Texas, and which Plaintiff alleges is owned by Defendant.

Thus, the long chain of factual allegations by which Plaintiff links Defendant to Plaintiff's DMV records is as follows:

> The only way that the Defendant's agent (Dyer Investigations) could have gotten the phone number for the person who sold me the Jeep was by doing an illegal DMV search on its license plate. The only way they could have gotten the Jeep's license plate was from the Lincoln Town Car seen and photographed in my driveway on July 30, 2014.

---

[1] In fact, it bore the plates of the seller's grandfather, from whom the seller had acquired the Jeep before selling it to Plaintiff.

PAGE 4 – OPINION AND ORDER

These allegations are not sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cf. Iqbal*, 556 U.S. at 678. Even accepting all of the allegations as true, Plaintiff makes only two connections between Dyer Investigations and Defendant: that the two are geographically proximate, and that a person in Defendant's employ (Rafael Castaneda) shares a surname with someone associated with Dyer Investigations (Virginia Castaneda). Such tenuous connections are not sufficient to support a claim. Nor is the phone call from Dyer to the seller of Defendant's Jeep sufficient for the Court to infer that Dyer sent the Lincoln to Plaintiff's house, that the driver of the Lincoln photographed Plaintiff's license plate, and that Dyer then accessed the Jeep's DMV records. Plaintiff's factual allegations might be "conceivable," but they are not "plausible." *See id.* at 680 (quoting *Twombly*, 550 U.S. at 570 (internal quotation marks omitted)).

Even if the Court were inclined to make the necessary inferential leaps, however, Plaintiff's claim would still fail. Congress has provided only "the individual to whom the information pertains" with a right of action under the DPPA. 18 U.S.C. § 2724. Here, that individual is not Plaintiff, but the person who sold her the Jeep, as it was *his* information that was accessed and *he* who received the phone call. Regardless of the factual merits of her pleading, therefore, Plaintiff has no right of action under the DPPA and fails to state a claim under that statute.

**B. Second Claim: Interstate Stalking**

Plaintiff brings her next claim under 18 U.S.C. § 2261A. This statute criminalizes stalking, including "surveillance with intent to . . . harass, or intimidate," in connection with interstate or foreign commerce. Plaintiff's stalking claim, however, is entirely premised on the allegations of surveillance and privacy violations in her DPPA claim. Plaintiff's factual allegations no more plausibly suggest an entitlement to relief under § 2261A than under the

PAGE 5 – OPINION AND ORDER

DPPA. Nor has Congress provided a private right of action under § 2261A. *Rock v. BAE Sys., Inc.*, 556 F. App'x 869, 871 (11th Cir. 2014); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (observing that criminal statutes "rarely" imply a private right of action). Therefore, Plaintiff fails to state a claim under § 2261A.

**C.  Third Claim: Mandamus**

Plaintiff's third claim is under 28 U.S.C. § 1361, which reads in its entirety as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Plaintiff seeks to "compel the FBI or other appropriate law enforcement to offer [her and other 'Beal victims'] some level of protection from the Defendant's retaliatory actions." Plaintiff's theory appears to be that "[l]aw enforcement and the FBI have a duty to protect society as a whole."

Mandamus is an extraordinary remedy. It is available to compel a federal official to perform his duty only if "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003).

As a threshold matter, the FBI is not a party to this case. The Court cannot, therefore, grant mandamus relief against the FBI. Were that the only deficiency, this Court would be required to give Plaintiff leave to amend her complaint. *Cf. Karim-Panahi*, 839 F.2d at 623. But Plaintiff is correct that law-enforcement agencies' duty is to society as a whole. "It is an undisputed principle of the common law" that "wielding the executive power for the preservation of the public peace"—that is, the duty of law-enforcement agencies to protect society—"is a *public duty*." *South v. Maryland*, 59 U.S. (18 How.) 396, 403 (1855) (emphasis added). A public

PAGE 6 – OPINION AND ORDER

duty is a duty "owed to the public in general" and therefore "is usually considered a duty to no one in particular." *Louie v. United States*, 776 F.2d 819, 825 n.8 (9th Cir. 1985) (citation omitted). Thus, the FBI has no legally enforceable duty to protect Plaintiff in particular, let alone a duty that is "nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt." *Cf. Saenz*, 325 F.3d at 1084. Plaintiff has, therefore, failed to state a claim for mandamus relief.

**D.  Fourth Claim: Misprision of Felony**

Plaintiff's final claim makes reference to 18 U.S.C. § 4, which provides for fines or imprisonment for those who fail to report knowledge of a felony to the appropriate authorities. Plaintiff fails to identify how Defendant violated this provision. Nor is there any indication that Congress provided a private right of action under this "bare criminal statute." *See Cort v. Ash*, 422 U.S. 66, 80 (1975). Therefore, Plaintiff does not state any sort of claim under 18 U.S.C. § 4.

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is GRANTED. Plaintiff's Complaint (Dkt. 2), however, fails to state a claim upon which relief may be granted, s*ee* 28 U.S.C. § 1915(e)(2), and cannot be saved by amendment, *see Karim-Panahi*, 839 F.2d at 623. Plaintiff's Complaint (Dkt. 2), therefore, is DISMISSED with prejudice and without leave to amend. The Court further finds that any appeal from this Opinion and Order would not be taken in good faith and Plaintiff's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

DATED this 2d day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 7 – OPINION AND ORDER